**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 23-22032-CMB |
| Highland Property, LLC, | ) |
| **Debtor,** | ) **Chapter** 11 |
| | ) |
| United States Trustee, | ) **Hearing Date:** April 11, 2024 @ 1:30 p.m. |
| **Movant,** | ) |
| v. | ) **Responses Due:** March 25, 2024 |
| Highland Property, LLC, | ) |
| **Respondent.** | ) **Document No.** |

### RESPONSE IN OPPOSITION TO MOTION OF THE UNITED STATES TRUSTEE TO DISMISS OR CONVERT DEBTOR'S CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)

**AND NOW** comes the Debtor and Debtor-in-Possession, Highland Property, LLC, by and through its counsel of record, Calaiaro Valencik, and presents the following Response in Opposition to the *Motion of the United States Trustee to Dismiss or Convert Debtor's Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b)*:

1. Admitted.

2. Admitted.

3. It is admitted that the United States Trustee relies upon the statutes and rules set forth in this paragraph. It is denied that the requested relief is appropriate.

4. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, the Debtor does not contest the United States Trustee's standing on this matter.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. It is admitted that outstanding proof of insurance and outstanding monthly operating reports were filed with the Court as directed.

11. Denied.

12. Admitted.

13. It is admitted that the United States Trustee requested further documentation.

14. Denied as stated. The United States Trustee references a Notice of Cancellation that was mailed directly to it and is not part of the record. Counsel for the Debtor was not aware of this alleged Notice of Cancellation until the filing of this Motion. Counsel for the Debtor has been diligently working with the Debtor to resolve this issue.

15. Denied as stated. The United States Trustee references a Notice of Cancellation that was mailed directly to it and is not part of the record. Counsel for the Debtor was not aware of this alleged Notice of Cancellation until the filing of this Motion. Counsel for the Debtor has been diligently working with the Debtor to resolve this issue.

16. Any outstanding Monthly Operating Reports will be brought current prior to the hearing on this matter.

17. Admitted.

18. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There

is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

19. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

20. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

21. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

22. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy

Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

23. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

24. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

25. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

26. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

27. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

28. Denied. Proof of Insurance that was directly provided by the Debtor's insurance broker was properly provided within the Court's previously ordered window. The documents referenced as the Obsidian policy were provided directly from the insurance broker. Furthermore, it was only due to the filing of this Motion that Counsel for the Debtor became aware of these alleged cancellation issues referenced by the United States Trustee since those notices were apparently sent directly to the trustee's office. The Debtor has been working diligently to resolve this issue.

29. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been

deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

30. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

31. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

32. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

33. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There

is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

34. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

35. This Paragraph contains conclusions of law for which no response is required under the Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure. To the extent that a Response is necessary, this Paragraph is denied. There is no cause to dismiss or convert this case. To the extent that the Debtor has been deficient, the Debtor will be current with any outstanding matters prior to the hearing on this Motion.

36. Denied. Conversion is not in the best interest of creditors or the estate given the liens on real estate. If the Court is to grant the requested relief, the Court should dismiss the case.

37. If the Court is to grant the Motion, dismissal is more appropriate in this case.

38. The Debtor reserves all rights, remedies, and obligations to complement, supplement, augment, alter and/or modify this motion, and to assert suchother grounds as may become apparent upon further discovery.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court deny the Motion.

**Respectfully Submitted,**

**DATED:** March 25, 2024                **CALAIARO VALENCIK**

**BY:** /s/ Andrew K. Pratt
**Donald R. Calaiaro, Esq.  PA I.D. No. 27538**
**Andrew K. Pratt, Esq.     PA I.D. No. 328784**

**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**Phone:**      (412) 232-0930
**Fax:**        (412) 232-3858
**Email:**      dcalaiaro@c-vlaw.com
                apratt@c-vlaw.com