## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Bankruptcy Case No.** 23-22032-CMB |
| Highland Property, LLC, | ) |
| **Debtor,** | ) **Chapter** 11 |
| | ) |
| Highland Property, LLC, | ) **Related Document No.** 133 |
| **Movant,** | ) |
| vs. | ) |
| No Respondent. | ) **Document No.** |

### RESPONSE BY DEBTOR TO TEXT ORDER OF NOVEMBER 25, 2024

**AND NOW**, comes the Debtor and Debtor-in-Possession, Highland Property, LLC, by and through its counsel of record, Calaiaro Valencik and Donald R. Calaiaro, and respectfully responds to the Text Order of November 25, 2024.

1. Highland Property, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., on September 26, 2023, in the United States Bankruptcy Court for the Western District of Pennsylvania.

2. The Debtor remains a "debtor-in-possession" and in control of property of the estate. It continues to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code. 11 U.S.C. §§ 1107, 1108.

3. This bankruptcy was filed to attempt to reorganize the Debtor's finances so that it can continue to successfully operate.

4. The Debtor attempted to resolve its disputes with the largest secured creditor, Joseph Federer.

5. This bankruptcy is large and complex with a variety of assets and claims that need specific attention.

6. The Debtor has been diligently working to try to formulate a confirmable Plan.

7. The Debtor filed a motion to approve a settlement under Rule 1019 to resolve a negotiated settlement.

8. This settlement was the core of the reorganization plan.

9. The hearing on the Motion is set for December 19, 2024.

10. The Debtor may not be able to recognize without resolution of the Federer matter.

11. No party would benefit from a conversion to a chapter 7 because the assets are over encumbered.

12. The Text Order requires the Debtor to explain authority to extend the deadline under 11 U.S.C. 1121 (e) (3) to extend the deadline to file a plan.

13. The Court may not have authority to extend the Deadline to file a plan, but the Court may allow the Debtor to eliminate the "small business" designation and allow the case to proceed. See In re CYMA Cleaning Contractors Inc., 2023 WL 7117445 (2023) which discussed the ability to revoke a designation:

> "While revocation of a Subchapter V election is not specifically set out in the Bankruptcy Code, if a petition may be amended to elect to proceed under Subchapter V post-petition, logically it follows that the opposite must also be an option for debtors and courts. Various sections of the Bankruptcy Code allow for a debtor to seek conversion from one chapter to another if the debtor is an eligible debtor under such chapter. 11 U.S.C. §§ 706, 1112, 1208, 1307. While revocation of the Subchapter V election is not conversion, the treatment and requirements under chapter 11 and Subchapter V are materially different, much like the differences in chapters under the Bankruptcy Code. See, e.g., In re Trepetin, 617 B.R. at 843 ("Subchapter V ... offers small business debtors ... a streamlined process and tailored tools for confirming a plan."). Therefore, the Court finds that the ability to revoke a Subchapter V election is consistent with the Bankruptcy Code but also the Congressional goals of ensuring that Subchapter V cases provide a quicker reorganization process. If a debtor discovers

post-petition that it is unable to meet the deadlines of Subchapter V, the option to revoke such designation provides the ability to continue to attempt to reorganize under the rigors and requirements of standard chapter 1\

Further, the Court is empowered to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). A court may rely on § 105(a) as authority where "the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." Jamo v. Katahdin Fed. Credit Union (In re Jamo), 283 F.3d 392, 403 (1st Cir. 2002). The Court's authority under § 105(a) "may be used to ensure that 'a result that the Code clearly required' is achieved." In re Red River Energy, Inc., 409 B.R. 163, 185 (Bankr. S.D. Tex. 2009) (quoting Perez v. Peake, 373 B.R. 468, 488 (S.D. Tex. 2007)".

14. This result will permit the Debtor to continue with its efforts to reorganize.

## RELIEF REQUESTED

15. The Debtor maintains that sufficient cause exists for the Court to alter the designation from a Small Business case to a conventional chapter 11 case.

16. The change in designation will also allow the Debtor to continue to work with its other creditors to formulate a plan of reorganization.

17. The Debtor's creditors will not be prejudiced by this request. On the contrary, the Debtor's creditors will be best served by the grant of this relief.

18. The Debtor will continue to work in good faith towards a resolution of all matters and attempt to develop a confirmable chapter 11 plan within 30 days.

**WHEREFORE**, the Debtor and Debtor-in-Possession, Highland Property, LLC, respectfully requests this Honorable Court enter an order amending the designation of this case to a conventional chapter 11 and delete the "small business" designation.

[SIGNATURE OF NEXT PAGE]

**Respectfully submitted,**

**DATE:**  December 12, 2024        **CALAIARO VALENCIK**

**BY:**  /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire     PA ID 27538**

**938 Penn Avenue, Suite 501**
**Pittsburgh, PA  15222-3708**
**Phone:**     **(412) 232-0930**
**Fax:**     **(412) 232-3858**
**Email:**     **dcalaiaro@c-vlaw.com**